IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

'07 NOV -1 PM 2:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES OF AMERICA,
              Respondants,

-against-

Crim. No. 99-CR-0204-K

FRANK MACIAS MADRIAGA,
              Petitioner

'07 CV No. 2098 DMS

---

### PETITION AND MOTION FOR A WRIT OF ERROR CORAM NOBIS
### AND REQUEST FOR APPOINTMENT OF COUNSEL

---

Now comes Frank Macias Madriaga, herein after Petitioner, moves pursuant to 28 U.S.C. § 1651 (the "All Writs Act") for a writ of error coram nobis to reopen sentencing in the above entitled action in order to correct an error of the most fundamental character; and the manifest injustice that resulted when the court imposed a sentence of 240 months on the basis of an erroneous total offense level of thirty six (36), and a Criminal History Category of six (6), on count one

At the time of sentencing title 18 U.S.C. § 3553 (b) afforded Petitioner a federal right to a jury finding of any fact that increased the base offense level. The Court was without authority to impose the current sentence. And the effect of the error was to strip Petitioner of, among other things, his Fifth Amendment right to due process of law, his Sixth Amendment right to trial by jury, and his Eight Amendment right not to be subjected to cruel and unusual punishment.

Through this petition and motion Petitioner seeks to vacate his current illegal sentence and re-open the case for re-sentencing. Petitioner

further seeks the appointment of counsel to represent him in these matters. Accordingly, Petitioner respectfully request this Honorable Court appoint counsel and grant an opportunity for further briefing.

## Standard of Review

Petitioner is unskilled in the law and request a liberal construction of his pleadings. Haines v. Kerner, 404 U.S. 519 (1972). The Supreme Court has directed federal trial courts to read pro se papers liberally. Christensen v. C.I.R.,786 F.2d 1382,1384 (9th Cir., 1986).

## Factual and Procedural Background

On April 13, 2000, Petitioner was convicted by a jury of violating 21 U.S.C. §§ 846 and 841 (a)(1)(Count One); and 18 U.S.C § 1951 (a) (Count Two). On July 17, 2000, the Sentencing Court imposed a sentence of 240 months on count one and a consecutive sentence of 112 months on count two.

At the time of sentencing, 18 U.S.C. § 3553 (b) provided that: "[t]he court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4), unless the court finds that there exist an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

Despite the plain language of the statute, the Court did not impose a sentence of the kind, and within the range referred to in subsection (a)(4). The Court did not find that an aggravating or mitigating circum-

stance existed and thus was without authority to impose a sentence outside of the correct range described in subsection (a)(4).

Instead, presumably unaware of the requirement in § 3553(b) that "the court shall impose a sentence of the kind, and within the range referred to in subsection (a)(4)," the court adopted the Government's erroneous representation of what the base offense level should be. (i.e. base offense level 36).

Using the erroneous base offense level of 36 and Petitioner's Criminal History Category of VI (six) as the means for calculating the total base offense level, the court erroneously concluded that the guideline range of 324 to 405 months was a sentence of the kind and within the range referred to in subsection (a)(4).

Neither the court, the Government nor Petitioner's Counsel at the time knew that Petitioner had a statutory right to a jury finding of any fact that increased the base offense level. Moreover, no one was aware of the fact that the sentencing court lacked the authority to impose a sentence, other than the sentence, referred to in subsection (a)(4). In other words, the sentencing court had to impose a sentence of the kind and within the correct range referred to in subsection (a)(4), absent a finding of a mitigating or aggravating circumstance.

On July 17, 2000, the Sentencing Court overlooked the requirements of 18 U.S.C. § 3553(b) and imposed sentence based on the Government's askewed representation of the sentence referred to in subsection (a)(4). The Sentencing Court applied the erroneous base offense level of 36 to Petitioner's Criminal History Category of 6 and came up with the wrong guideline range of 324 - 405 months.

However, the Sentencing Court found that the statutory maximun on count one was 20 years, and imposed the maximun sentence of 240 months for count one. Notwithstanding, in order to come within the erroneous guideline range of 324 - 405 months, the Sentencing Court imposed a consecutive sentence of 112 months on count two; for a total sentence of 352 months.

Petitioner directly appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit. On August 12, 2002, The Court of Appeals ruled against Petitioner for the claims raised therein.

On November 8, 2002, Petitioner filed to the Supreme Court of the United States a petition for a Writ of Certiorari. The petition was denied on December 16, 2002.

On December 1, 2003, Petitioner filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of California. On July 19, 2004, the District Court denied the writ of habeas corpus. Petitioner file a motion for reconsideration which was denied on September 8, 2004.

Petitioner then sought to appeal the denial of his writ of habeas corpus and his motion for reconsideration to the United States Court of Appeals for the Ninth Circuit; and requested a Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c)(2).

On December 6, 2004, the Ninth Circuit Court of Appeals Granted in-part and Denied in-part Petitioner's request for a COA. The Court of Appeals granted a partial COA as to Petitioner's claim of ineffective assiatance

of counsel. On March 9, 2005, Petitoner filed his informal brief addressing the ineffective assistance of counsel clain. The claim was ultimately denied by the Court of Appeals.

On December 15, 2006, Petitoner filed for a Writ of Certiorari to the Supreme Court of the United States. The petition for writ of certiorari was subsequently denied on April 2, 2007.

Now Mr. Madriaga respectfully request that this Honorable Court invoke its authority to redress its own errors and correct the illegal sentence imposed by this Court.

### Argument

A.    This Court has the Authority to Entertain This Motion.

Under the All Writs Act, this court has the authority to " issue all writs necessary or appropriate in aid of its ... jurisdiction[] and agreeable to the usages and principle of law," 28 U.S.C. § 1651. See United States v. Morgan, 346 U.S. 502,506-7,511 (1945)(The " power granted to issue writs of coram nobis by the all writ section ... comprehend[s] the power for the District Court to take cognizance of [a] motion in the nature of a coram nobis .... [W]e hold that the District Court has power to grant such a motion.")

A motion for the writ of coram nobis " is a step in the criminal case and not ... the begining of a separate civil proceeding." See United States v. Valdez-Pacheco, 237 F.3d 1077,1079 (9th Cir., 2001)(" A federal prisoner's right to petition for the ... common law writ of coram nobis ... is part of the original criminal case, not a separate civil proceeding.")

See also <u>Morgan</u>, 346 U.S. at 506 (A motion for this writ " is a step in the criminal case .... As it is such a step, we do not think that Rule 60(b), Fed. Rules Civ. Proc., expressly abolishing the writ of error coram nobis in civil case[s], applies " to criminal cases.)

B.   <u>A Writ of Coram Nobis Should be Granted to Correct</u>
     <u>Mr. Madriaga's illegal Sentence</u>.

The Court's sentencing error meets all of the traditional requirements for a writ of Coram Nobis. With no other remedy available to Mr. Madriaga, failure to grant this motion will result in a complete and intolerable miscarriage of justice. The ancient common law writ of error coram nobis survives by way of the " All Writs Act," 28 U.S.C. § 1651 (a). See <u>United States v. Morgan</u>, 346 U.S. 502 (1954), where the Court held that coram nobis should issue to correct only errors which result in a complete miscarriage of justice. The writ is an extraordinary remedy available under compelling circumstances to address errors of the most fundamental nature. <u>Id</u>. 346 U.S. at 511-12.

Thus, the coram nobis writ allows a court to vacate its judgment for errors of fact. In those cases where the errors are of the most fundamental character, the extraordinary writ still provides a remedy in criminal proceedings where no other relief is available and sound reason exist for failure to seek appropriate earlier relief. See <u>Hirabayashi v. United States</u>, 828 F.3d 591,604 (9th Cir., 1987).

In <u>Hirabayashi</u>, the Court " determined that a petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy

is not available; (2) valid reason exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction ...; and (4) the error is of the most fundamental character." Id.

Relief through coram nobis is independent from, and not necessarily precluded by 28 U.S.C. § 2255. As the Supreme Court held in Morgan, "[w]e see no compelling reason to reach th[e] conclusion that § 2255 should be construed to cover the entire field of remedies in the nature of coram nobis in federal courts." United States v. Morgan, 346 U.S. 502, 510 (1954). Likewise. in Barrett, the First Circuit held that "there are very rare circumstances in which review may exist (by coram nobis) even if the requirements of § 2255 have not been met." United States v. Barrett, 178 F.3d 34, 38 (1st Cir., 1999). The Court further held that "there are situations in which § 2255 is not controlling despite the fact that the petitioner remains in custody - for instance, where § 2255 is inadequate or ineffective." Id. 178 F.3d at 56. This case presents "one of those very rare circumstances."

The Barrett Court recognized that where § 2255 is inadequate or ineffective, alternate remedies such as the writ of coram nobis is available. For example, where the unavailability of § 2255 relief to address the error raises serious constitutional questions, or results in a complete miscarriage of justice. See Barrett, 178 F.3d at 51-52; accord Triestman v. United States, 124 F.3d 361, 380 (2nd Cir., 1997); In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir., 1997); United States v. Bustillos, 31 F.3d 931, 934 (10th Cir., 1994); United States v. Ransom, 985 F.supp. 1017, 1019 (D. Kan. 1997)(granting a writ of coram nobis, Section 2255 notwithstanding, because the writ was needed to correct [an] error []

resulting in a complete miscarriage of justice and the circumstances compelled such action to achieve justice.). See also <u>Trenkler v. United States</u>, No. 1:92-cr-10369,dated ____,__,2007 (Unpublished).

For the reasons set forth below, the errors in this case indeed worked a complete miscarriage of justice, and failure to correct them will raise serious constitutional issues and result in a further miscarriage of justice.

While Mr. Madriaga has set forth the basic grounds for a showing of each of these circumstances in this case, he respectfully request that counsel be appointed so that he may submit more detailed briefing on the merits of this motion and Petition.

### The Court's Imposition of an Unauthorized Sentence of 352 Months is an " error of the Most Fundamental Character."

It was undisputably error for the Court to sentence Mr. Madriaga to a 352 month term of imprisonment when the law in effect at the time of Mr. Madriaga's sentencing plainly said that it could not. The law in effect at the time provided that Mr, Madriaga could only be subjected to a sentence of the kind, and within the range, referred to in subsection (a)(4). See <u>18 U.S.C. § 3353(b)</u>. Title 18 U.S.C. § 3553(b) provides that: " the kinds of sentence and the sentencing range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to Section 994(a)(1) of title 28,United States Code, and that are in effect on the date the defendant is sentenced."

Here, the applicable category of offense is twelve (12). Count One charged Mr. Madriaga with Conspiracy to Distribute (**an undetermined amount**) Methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Pursuant to the United States Sentencing Guidelines (U.S.S.G.), an amount of less than 2.5 grams of Methampetamine, or less than 250 mil. Grams of Meth-amphetamine (actual) establishes a base offense level of twelve (12). See <u>U.S.S.G. § 2D1.1 (14)</u>. Coupled with the applicable category of the defendant, in this case, an undisputed Criminal History Category of six (6), would in accordance with subsection (a)(4), result in a sentencing range of 30 - 37 months for Count One.

In order for the court to imposed a sentence other than the sentence referred to in subsection (a)(4)(i.e. 30-37 months), the court had to find that there existed an " aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines  that should result in a sentence different from that described " in subsection (a)(4). Here the Sentencing Court made no such findings. Accordingly, the Sentencing Court lacked the authority to impose a sentence other than the sentence referred in sub-section (a)(4),(i.e. 30-37 months.)

The Court's failure to adhere to the requirements of 18 U.S.C. § 3553 (b) was an error of the most fundamental character. Indeed, the Sentencing Court only had the authority to impose a sentence of the kind referred to in subsection (a)(4), and the judge was without authority to impose a sentence outside of the 30-37 month range referred to in sub-section (a)(4).

The plain language of section 3553(b) authorizes the imposition of a sentence outside of the sentence referred to in subsection (a)(4) only if the sentencing court finds that there existed a aggravating or mitigating circumstance.

The error was also fundamental in that it violated at least Mr. Madriaga's Fifth Amendment right to due process of law, his right to have a jury find any fact that increased the base offense level, and his Eight Amendment right not to be subjected to cruel and unusual punishment.

Mr. Madriaga's Fifth Amendment due process rights were, and continue to be, violated because he was deprived of life and liberty without the legal process prescribed by Congress -- that the"court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there existed an aggravating or mitigating circumstance of a kind ...." Indeed, this federal right also encompasses Mr. Madriaga's right to have a jury find any aggravating fact that would increase the sentencing range referred to in subsection (a)(4). In addition, failure to grant this motion and petition would result in a further violation of Mr. Madriaga's due process rights, as the law provides no other remedies to correct this fundamental error and restore the federal and Constitutional rights afforded to Mr. Madriaga at the time of sentencing. See Marbury v. Madison, 5 U.S. 137,163(1803) "[I]t is a general and indisputable rule that where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded."

As for Mr. Madriaga's Eighth Amendment rights, "[a] sentence that exceeds the statutory maximun has traditionally been viewed as a violation of the eighth amendment's prohibition against cruel and unusual punishment.

See Ford v. Moore, 296 F.3d 1035,1037 n.6 (11th Cir., 2002); United States v. Barajas-Avalos, 359 F.3d 1204 (9th Cir., 2004)(Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime); accord Ralph v. Blackburn, 590 F.3d 1335,1338 (5th Cir., 1979)([T]he eight amendment bars a prison sentence beyond the legislatively created maximum). Mr. Madriaga's sentence exceeds the maximum that the court was statutorily authorized to impose, 18 U.S.C. § 3553(b) authorized a sentence of the kind and within the range referred to in subsection (a)(4). As such, allowing the sentence to stand would violate the prohibition against cruel and unusaual punishment.

Simply put, the error in this case is plain, fundamental, and violates at least three of Mr. Madriaga's Constitutional rights, making it ripe for correction by writ of coram nobis. See United States v. Barrett, 178 F.3d at 52,56 (writs of coram nobis remain available to federal prisoners still in custody, e.g., where " serious constitutional questions " are raised).

### Mr. Madriaga did not earlier seek relief from the illegal sentence because the error was not previously reasonably discoverable

Mr. Madriaga had no reasonable opportunity to raise this issue prior to this time because he first discovered the error in 2005 after reading about how the Supreme Court of the United States excised Sections 3553(b)(1) and 3742(e) in United States v. Booker, 543 U.S. 220 (2005). The fact is that neither Defense Counsel, the Sentencing Court nor the Government knew the importance of § 3553(b) until the Supreme Court excised the provision in United States v. Booker. The fact also remains that, through no fault of his own, Mr. Madriaga is now confined to prison

for a term of 352 months on an illegal sentence imposed without due process of law. That by definition, amounts to a complete miscarriage of justice. In other words, if the error was reasonably discoverable at the time of sentencing, someone -- Mr. Madriaga's Counsel, the Sentencing Judge, or the Government ( who, as discussed, affirmatively told the Court that a sentence of 324 to 405 months was of the kind and within the range referred to in subsection (a)(4).) -- would have caught it and corrected it. To the extent that no one caught the error which resulted in the utter deprivation of Mr. Madriaga's liberty, in violation of his Statutory and Constitutional rights, constitutes a manifested Miscarriage of Justice which is now only correctable through the requested coram nobis relief.

The circumstances in this case and the timing of the Supreme Court excising of Section 3553 (b) further explains why Mr. Madriaga did not earlier seek relief from the error. At the time that the Supreme Court excised § 3553 (b) Mr. Madriaga was in the process of appealing his § 2255 motion. His pleadings were limited to the issue raised therein. As soon as Mr. Madriaga discovered the error in his case -- that the Sentencing Court overlooked the requirements of § 3553 (b) -- he swiftly and diligently begun the research necessary to address this fundamental error. Prompting this motion and petition for coram nobis relief.

### Mr. Madriaga continues to suffer significant consequences from the illegal sentence

Mr. Madriaga, who is now serving an illegal sentence of 352 months due to a sentencing error, continues to suffer significant collateral consequences from the error. If not for the error Mr. Madriaga's sentence would have necessarily been less than 352 months.

Here, the Sentencing Judge erroneously believed that a guideline range of 324 to 405 months was of the kind, and within the range, referred to in subsection (a)(4). Under that erroneous belief, the Sentencing Judge imposed a sentence not of the kind, nor within the range, referred to in subsection (a)(4). Based on the erroneous perception of what kind of sentence is within the range referred in subsection (a)(4), the Sentencing Court imposed a 240 month sentence on count one, and a additional 112 month sentence on count two; for a total of 352 months.

However, absent any judicial factfinding, the maximum sentence Mr. Madriaga could have legally received on count one was 37 months.[1] A maximum sentence of 37 months on count one, coupled with the sentence of 112 months on count two, would result in a sentence of 149 months. A sentence substantially less than the illegal sentence of 352 months. Accordingly, the final requirement for the granting of coram nobis relief has unequivocally been established.

### In the alternative, a writ of Audita Querela should be granted to correct the illegal sentence

The writ of audita querela, like the writ of coram nobis, serves to prevent the enforcement of a judgement " which would be contrary to justice, either because of matters arising subsequent to its rendition, or because of prior existing defenses that were not available " to the petitioner because of " circumstances over which [he] ... had no control."

---

1.  Under the Guidelines, absent any judicial factfinding, the base offense level of 12, with a Criminal History Category of 6, would result in a maximum potential sentence of 37 months. See U.S.S.G. Ch. 5 Pt. A Sentencing Table.

7 Am Jur 2d Audita Querela § 1. "Audita querela is available in criminal cases where there is a legal ... objection to the conviction that has arisen subsequent to the conviction and is not redressable pursuant to another post-conviction remedy." Id.

In this case, enforcing the illegal 352 month sentence would be contrary to justice, because it exceeds the legislatively imposed maximum that existed at the time. Furthermore, it would deprive Mr. Madriaga of a federal right afforded to him by federal statute, and deny him his Fifth and Eight Amendment rights.

While the eqities here dictate in favor of granting the requested relief, this petition is at heart a "Legal objection" to the 352 month sentence, as the error was, and is, objectively a plain error of law. Because the error is "not redressable" by other post-conviction remedies and Mr. Madriaga could not have reasonably raised it earlier, due to circumstances over which [he] had no control, a writ of audita querela should be granted to correct the error in addition, or in the alternative, to the writ of coram nobis.

**Other Fundamental Errors Which Resulted in
a Complete Miscarriage of Justice**

At this time, Mr. Madriaga wishes to submit other fundamental errors which resulted in complete miscarriages of justice.

1.   **Actual Innocence**

The conviction on Count One was obtained without a jury finding all of the elements necessary to constitute the offense for which

Mr. Madriaga has been convicted and sentenced.

In the federal jurisdiction, all crimes are defined by statute.
United States v. Hudson & Goodwin, 11 U.S. 32 (1812). Any fact that is
a condition of guilt of the offense defined by statute is an element of
the offense which must be submitted to a jury, and proven beyond a
reasonable doubt. This is because the United States Constitution commands
that a defendant may not be convicted of a crime unless the Government
proves him guilty beyond a reasonable doubt. In re Winship, 397 U.S. 358
(1970). Every element of such crime, that is, every substantive component
of the statutory definition of the offense, must be proved to the satis-
faction of the jury for the conviction to be valid.

In this case, Count One of the indictment charged Mr. Madriaga with
conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§
846 and 841 (a)(1). At the Sentencing Hearing, the Government recommended
that the Sentencing Court proceed in sentencing Mr. Madriaga under § 841
(b)(1)(C), in essence, because the jury was not asked to make a finding
of a threshold amount of methamphetamine. See Sentencing Transcripts
dated July 17, 2000, at 21.

However, the Government conveniently overlooked the simultaneous
fact that the jury was not asked to find the type of controlled substance
necessary for a conviction under § 841 (b)(1)(C). In other words, the jury
was not asked to make a finding that the type of controlled substance was
in fact methamphetamine.

Because the jury never made a factual finding that the controlled
substance was in fact methamphetamine, the jury's verdict only authorized

a conviction under § 841 (b)(1)(D). Title 21 U.S.C. § 841 (b)(1)(D) allows a jury to convict an individual of a drug conspiracy, notwithstanding their not making a finding of a particular drug type or drug quantity. See <u>21 U.S.C. § 841 (b)(1)(D)</u>. "[I]n the case of any controlled substance in schedule III ... such person shall ... be sentenced to a term of imprisonment of not more than 5 years ...."

Accordingly, it remains theorectically possible that the jury found only that Mr. Madriaga conspired to distribute a controlled substance. Thus, just as § 841 (b)(1)(A)'s maximum sentence of life imprisonment could not be imposed without a jury finding beyond a reasonable doubt the required drug quantity, § 841 (b)(1)(C)'s maximum of 20 years can not be imposed without the jury finding beyond a reasonable doubt the type of controlled substance; in this case methamphetamine.

In this case, the jury's verdict authorized only a conviction under § 841 (b)(1)(D) and the only constitutionally authorized sentence is not more than 5 years imprisonment.

The Supreme Court of the United States has held: "[i]f one is actually innocent of the sentence imposed, a federal court can excuse the procedural default to correct a fundamentally unjust incarceration." <u>Dugger v. Adams</u>, 489 U.S. 401 (1989).

Petitioner has established with absolute certainty that he is actually innocent of the aggravated offense for which he has been illegally convicted and unlawfully sentenced. Petitioner respectfully request this Honorable Court exercise it's authority to correct this fundamental error because failure to do so will result in a continued

miscarriage of justice.

2.    **The Conviction was Obtained and Sentenced Imposed in Violation of Title 18 U.S.C. § 201 (c)(3)**

Unlike in <u>United States v. Singleton</u>, 144 F.3d 1343 (10th Cir., 1998) Rev'd. <u>United States v. Singleton</u>, 163 F.3d 1297 (10th Cir., 1999), where the appellant claimed a violation of § 201 (c)(2), which prohibits the giving, offering, or promising anything of value to a witness for or because of his testimony. See <u>18 U.S.C. § 201 (c)(2)</u>. Mr. Madriags claims a violation of § 201 (c)(3), which makes it criminal for a witness to accept anything of value in return for his or her testimony. See <u>18 U.S.C. § 201 (c)(3)</u>.

For a court to find a witness accepted a bribe, the court must find that a witness acted "corruptly," however, for a court to find that a witness accepted a gratuity, the court need only find that a witness acted "Knowingly and willingly." The central difference between accepting a bribe and accepting a gratuity is the degree of culpable intent on the part of the recipient.

A review of the record makes it clear that Juan Carlos Lopez, Mark Mendez, and Roger Sanborn, all witnesses in Mr. Madriaga's trial, acted in violation of 18 U.S.C. § 201 (c)(3).

In this case, there is sufficient evidence from the record to find that Mark Mendez, Roger Sanborn, and Juan Carlos Lopez, all witnesses in this case, Knowingly and willingly conspired to receive, accept, or agreed to receive or accept anything of value for or because of their testimony under oath as witnesses in the trial of Mr. Madriaga.

The unlawful testimony of these three witnesses was used to obtain the conviction  and to substantially increase the sentence. Allowing the testimony of three witnesses who acted in violation of the law during the trial of Mr. Madriaga seriously affected Mr. Madriaga's Constitutional right to a fair trial. Moreover, the unlawful conduct of these three witnesses influenced the conviction and sentence of Mr. Madriaga. To allow the unlawful testimony to stand in contrast to the law constitutes a fundamental error which amounts to a complete miscarriage of justice.

The unlawful testimony of these three witnesses created an unfair advantage and trampled on the fundamental fairness inherent in the Due Process Clause. The Unlawful testimony literally annihilated Mr. Madriaga's substantial right to a fair trial.

For purposes of the fundamental fairness doctrine inherent in the due process clause a fair trial requires a legal trial in substantial conformity with the law. Due process also requires an adequate hearing with an impartial tribunal free from any interest, bias, or prejudice.

The unlawful testimony of Mark Mendez, Roger Sanborn, and Juan Carlos Lopez eliminated these necessary components for a fair trial and deprived Mr. Madriaga of his substantial right to a fair trial. Accordingly, Petitioner respectfully request this Honorable Court exercise it's authority to correct this fundamental error because failure to do so would result in a complete miscarriage of justice.

## Request for Appointment of Counsel

Mr. Madriaga respectfully request this Honorable Court designate counsel to review this petition and represent him in this matter. In addition, it is requested that further briefing be permitted upon such designation of counsel to expand on the issues raised herein.

## Conclusion

Mr. Madriaga continues to suffer manifest injustice and serious constitutional injury due to the fundamental legal errors committed by this court. As no other remedies are available to him, and considering that the requirements for coram nobis relief and/or audita querela relief are met, Mr. Madriaga respectfully request that the court grant a Writ of Coram Nobis and/or a Writ of Audita Querela to vacate and correct his sentence. It is further requested that the Court grant any other relief which may be deemed reasonable in the interest of justice.

Respectfully submitted

*Frank Madriaga*

Frank Macias Madriaga
# 72213-198
P.O. Box 1000
Lewisburg, PA 17837

# CERTIFICATE OF SERVICE

I, Frank Macias Madriaga                , hereby certify that I have served a true
and correct copy of the foregoing:   TO: THE CLERK OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF CALIFORNIA
                                          880 FRONT STREET, SUITE 4290
                                          SAN DIEGO, CALIFORNIA 92101

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

                              TIMOTHY COUGHLIN
                              ASSISTANT U.S. ATTORNEY
                              940 FRONT STREET
                              SAN DIEGO, CALIFORNIA 92191

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this  22  day of  Oct  , 2007

                                              Respectfully Submitted,

                                              Frank Madriaga

                                   REG. NO. 72213-198

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Frank Macias Madriaga 72213-198

**DEFENDANTS**

United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    San Diego
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro se
P.O. Box 1000
Lewisburg, PA 17837
NA

**ATTORNEYS (IF KNOWN)**

U.S. Attorney

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

## 28 U.S.C. 1651

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD