# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MACIAS MADRIAGA,<br><br>                      Petitioner,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | Case No. 07-cv-2098-DMS<br>*related to 99-cr-0204-DMS*<br><br>**ORDER DENYING PETITION**<br>**FOR WRIT OF CORAM NOBIS** |

On November 1, 2007, petitioner Frank Macias Madriaga ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Error *Coram Nobis*, or in the alternative for a Writ of *Audita Querela*. He also submitted a motion for the appointment of counsel. For the reasons discussed below, Petitioner's motion is DENIED.

## BACKGROUND

This 1999 criminal case was assigned to the Honorable Judith N. Keep for trial, and in April 2000, a jury found Petitioner guilty of conspiracy to distribute methamphetamine and conspiracy to commit extortion. 21 U.S.C. § 841(a)(1), 846; 18 U.S.C. 1951(a).

Shortly before the sentencing hearing, the Supreme Court announced its *Apprendi v. New Jersey*, 530 U.S. 2348 (2000) decision. Counsel argued that under *Apprendi*, the Court was limited to the twenty-year maximum sentence in the statute. Counsel also raised factual disputes about the amount of methamphetamine that could be attributed to Petitioner. [#130] In June 2000, Petitioner was sentenced to consecutive terms of 240 months on the first count and 112 months on the second count. The Court agreed with Petitioner that the statutory maximum controlled the sentence on the

1 first count, and therefore did not impose the much-higher sentence recommended by the calculation
2 under the Sentencing Guidelines.

3     Petitioner appealed. He raised issues concerning *Apprendi*, the sufficiency of evidence, flaws
4 in the indictment, and the admission of evidence concerning the Mexican Mafia. The Ninth Circuit
5 affirmed. *United States v. Madriaga*, unpublished slip opinion, No. 00-50413 (filed Feb. 25, 2002).

6     In February 2004, Petitioner, proceeding *pro se*, filed a motion to vacate, set aside, or correct
7 sentence pursuant to 28 U.S.C. § 2255. [# 167 (Case. No. 03-cv-2249)]. Petitioner argued four claims
8 relative to ineffective assistance of counsel and speedy trial violations. The Court denied Petitioner's
9 motion. [# 187]

10     Petitioner filed a motion for reconsideration. At that juncture, the case was transferred to this
11 Court's calendar. Petitioner argued that the Court made manifest errors of law and fact as to his
12 ineffective assistance of counsel claims. The Court denied that motion. [#194] Petitioner appealed,
13 and the Ninth Circuit affirmed. *United States v. Madriaga*, unpublished slip opinion, No. 04-57188
14 (filed Jan. 17, 2006).

15     In this filing, Petitioner seeks a new sentencing hearing. He argues that the base offense level
16 was 12 for the unidentified amount of uncontrolled substance in the conspiracy count, which should
17 have resulted in a Guideline range of 30 to 37 months. He argues that the sentencing court illegally
18 imposed a sentence of 240 months on that first count without having a jury determination on the type
19 and amount of the narcotic involved. Petitioner argues that he could not have raised this claim before
20 the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); *but see United States*
21 *v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) (*Booker* does not apply retroactively); *see Schardt v. Payne*,
22 414 F.3d 1025 (9th Cir. 2005) (*Blakely v. Washington*, 542 U.S. 296 (2004) does not apply
23 retroactively to petitions brought under § 2255, even if analyzed as a due process claim). As a result
24 of this oversight, Petitioner argues he has shown "actual innocence" of the charged offense. In
25 addition, Petitioner argues that the Government violated 18 U.S.C. § 201(c)(3) "by promising anything
26 of value" to three cooperating witnesses who testified against him at trial. *But see United States v.*
27 *Flores*, 172 F.3d 695, 699-700 (9th Cir. 1999) (Government's use of plea agreement or promises of
28 leniency to witnesses in criminal trial does not violate statute or constitution).

Because the Court can decide this petition on the record of the case, the Court summarily denies the petition. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## DISCUSSION

A writ of *coram nobis* is used to collaterally attack a judgment that was incorrect or infirm at the time it was entered for reasons that came subsequently came to light. *Doe v. I.N.S.*, 120 F.3d 200, 203 n.4 (9th Cir. 1997). It is an extraordinary remedy used to review fundamental errors or to correct grave injustices. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *United States v. Riedl*, 496 F.3d 1003, 1005-06 (9th Cir. 2007). The common law writ of *coram nobis* is available to fill "gaps" in the current system of post-conviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001); *see Morgan*, 346 U.S. at 505 & n.4. As Petitioner acknowledges in his petition, the following requirements apply:

> [A] petitioner must show the following to qualify for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Petitioner does not satisfy the first requirement because he remains in custody and he could bring his current claims in a § 2255 motion. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (referring to § 2255 and holding "[b]ecause the more usual remedy of a habeas petition is available, the writ of *coram nobis* is not."); *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (generally, a motion under § 2255 is the "exclusive means by which a federal prisoner may test the legality of his detention"). *Coram nobis* is not available as a remedy when the prisoner raises claims that could have been raised in a motion to set aside a conviction or sentence pursuant to 28 U.S.C. § 2255. *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007).

Here, Petitioner has already filed a § 2255 motion, thus, he must obtain permission from the Ninth Circuit to file a second such motion. *See Stephens*, 464 F.3d at 897-98 (setting forth requirements for authorizing a second § 2255 motion). The statutory limit on filing a second § 2255 motion, however, does not create a gap in post-conviction relief that would entitle Petitioner to seek

this common law writ. *Carrington*, 503 F.3d at 890. Moreover, because Petitioner did not obtain permission to file a successive § 2255 motion, the district court does not have jurisdiction to entertain his arguments. *United States v. Hayden*, 255 F.3d 768, 770 n.3 (9th Cir. 2001).

This same analysis applies to Petitioner's alternative theory that his petition is a writ of a*udita querla*. *Id.* ("A writ of *audita querela* is not an available remedy where the claims would be cognizable in a § 2255 habeas petition.") (footnote omitted).

In light of this ruling, the Court denies the motion for appointment of counsel.

## CONCLUSION

For the reasons stated above, the Court denies the petition for a writ of *coram nobis* and the motion for appointment of counsel. [Docket Nos. 1 & 210] The Clerk shall terminate the civil action.

**IT IS SO ORDERED.**

DATED: January 29, 2008

_____
HON. DANA M. SABRAW
United States District Judge